John REDMAN, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 28S00–9909–CR–466.

Supreme Court of Indiana.

March 9, 2001.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice

The defendant, John Redman, was convicted of murder,[1] conspiracy to commit murder, a class A felony,[2] criminal deviate conduct, a class A felony,[3] and criminal confinement, a class B felony,[4] for a 1995 criminal episode in Linton, Indiana, that resulted in the death of Pamela Foddrill.[5] Redman was sentenced to life imprisonment without parole for the murder conviction. The trial court also imposed consecutive sentences of fifty years for conspiracy to commit murder, fifty years for criminal deviate conduct, and twenty years for criminal confinement.

In this appeal, Redman claims: (1) insufficient evidence of resulting serious bodily injury to prove class B felony criminal confinement; (2) insufficient evidence of threat to kill to prove class A felony criminal deviate conduct; and (3) violation of the Indiana Constitution's Double Jeopardy Clause by his convictions for criminal confinement as a class B felony and mur-

---

1. Ind.Code § 35–42–1–1.

2. Ind.Code § 35–41–5–2; Ind.Code § 35–42–1–1.

3. Ind.Code § 35–42–4–2(b).

4. Ind.Code § 35–42–3–3(2).

5. Today, we also decide the cases of Redman's companions, Roger Long and Jerry Russell, who were each separately tried for their roles in these crimes. *Long v. State*, 743 N.E.2d 253 (Ind.2001); *Russell v. State*, 743 N.E.2d 269 (Ind.2001).

der and by his convictions for conspiracy to commit murder and criminal confinement. We affirm the convictions for murder and conspiracy to commit murder. As to the other convictions and sentences, we modify the judgment as more fully explained below.

### 1. Class B Felony Criminal Confinement

Redman contends that, while there was evidence that the victim suffered fractured bones, there was no evidence that these injuries resulted from her being forcefully removed from one place to another and that, for this reason, there was insufficient evidence to prove the serious bodily injury element of criminal confinement as a class B felony.

■ In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000); *Webster v. State,* 699 N.E.2d 266, 268 (Ind.1998); *Hodge v. State,* 688 N.E.2d 1246, 1247–48 (Ind.1997).

The State charged that Redman knowingly or intentionally removed the victim by force from one place to another, which resulted in serious bodily injury, namely fractured bones. The criminal confinement statute reads as follows:

A person who knowingly or intentionally:

(1) confines another person without the other person's consent; or

(2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony. However, the offense is a Class C felony if the other person is less than fourteen (14) years of age and is not the person's child, and a Class B felony if it

is committed while armed with a deadly weapon or results in serious bodily injury to another person.

Ind.Code § 35–42–3–3. This statute defines two separate criminal offenses: confinement by non-consensual restraint in place and confinement by removal from one place to another. *Kelly v. State,* 535 N.E.2d 140, 140–41 (Ind.1989). The State charged Redman only with the victim's removal, but not with her restraint in place.

■ Criminal confinement is a class B felony if it "results in serious bodily injury to another person." Ind.Code § 35–42–3–3. Redman contends that there was no evidence that the victim's fractured bones resulted from the criminal offense of removal from one place to another. The State does not respond to this contention, but rather argues only that Redman held the victim captive in an attic for several days and that the victim's injuries resulted "during the course of her confinement." Br. of Appellee at 8. The State does not identify any evidence tending to show that the victim's broken bones resulted from Redman's removal of her from one place to another. Because we conclude that there was insufficient evidence to permit a jury to find beyond a reasonable doubt that the victim's injuries resulted from the charged criminal offense of criminal confinement by removing the victim from one place to another, we vacate the conviction as a class B felony and impose it as a class D felony.

■ Rather than remand this matter to the trial court for the purpose of determining the appropriate sentence for criminal confinement as a class D felony, we will make the determination, "mindful of the penal consequences that the trial court found appropriate." *Richardson v. State,* 717 N.E.2d 32, 54 (Ind.1999). Finding that the four aggravating circumstances outweighed one mitigating circumstance, the trial court imposed the maximum enhancement of the offense as a class B felony. We likewise impose the maximum

enhancement of the offense as a class D felony, sentencing Redman to three years on this count, to run consecutively to his other sentences in this case.

### 2. Class A Felony Criminal Deviate Conduct

■ Redman contends that there was insufficient evidence of deadly force to prove criminal deviate conduct as a class A felony. He requests that his conviction on this count be reduced to a class B felony.

The relevant portions of the statute defining the criminal offense of criminal deviate conduct provide: "A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when the other person is compelled by force or imminent threat of force ... commits criminal deviate conduct, a Class B felony. An offense ... is a Class A felony if it is committed by using or threatening the use of deadly force...." Ind.Code § 35–42–4–2.

Redman does not dispute that the evidence was sufficient to establish that the victim was compelled by force or imminent threat of force to perform or submit to deviate : sexual conduct, thus supporting the conviction as a class B felony. He argues, rather, that the evidence was not sufficient to prove that the proscribed conduct was committed by using or threatening to use *deadly* force, as required for conviction as a class A felony. To justify the enhanced penal consequences that result from the class A felony designation, the force used must be of such a nature that it meets the statutory definition of "deadly force," which the code defines as that which "creates a substantial risk of serious bodily injury." Ind.Code § 35–41–1–7.

The State responds by arguing that Redman and two accomplices held the vic-

tim captive in inhumane conditions in an attic for several days during which Redman and three other people committed several episodes of deviate sexual conduct, and that before the end of the captivity Redman and his accomplices decided to kill the victim. After a final incident of Redman and Long engaging in intercourse with the victim, the two men beat the victim with a baseball bat and stabbed her with a knife, killing her to "keep her mouth shut." Record at 2037. The State argues that this evidence was sufficient to permit the jury to infer that Redman threatened to kill the victim while he engaged in intercourse with her.

The State does not, however, identify any evidence indicating the nature of the force or threat of force used by the assailants to accomplish their criminal deviate conduct. While the victim's submission was clearly compelled by force, we find no evidence from which it can be reasonably inferred that the force used for the deviate conduct was "deadly." We conclude that there was insufficient evidence to establish that Redman employed deadly force when he compelled the victim to perform or submit to deviate sexual conduct.

As in the conviction for criminal confinement discussed above, we find no need to remand for resentencing. For the same reasons previously discussed, Redman's conviction for criminal deviate conduct is modified from a class A to a class B felony, and we impose the maximum enhancement resulting in a sentence of twenty years, to run consecutively to his other sentences.

### 3. Double Jeopardy

Redman contends that the Double Jeopardy Clause of the Indiana Constitution[6] requires that we vacate his conviction for criminal confinement.[7] He argues that there is a reasonable possibility that the jury used the evidence of the victim's ab-

---

**6.** IND. CONST. art. 1, § 14.

**7.** In the alternative, he argues that the Double Jeopardy Clause at least requires that his criminal confinement conviction be reduced

to a class D felony. We do not address this claim because we have already found that the evidence is sufficient only for the conviction as a class D felony.

duction in establishing both the offense of conspiracy to commit murder and that of criminal confinement.

■ To establish that two challenged offenses constitute the same offense under the actual evidence test and thus violate the Indiana Double Jeopardy Clause, the defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Richardson*, 717 N.E.2d at 53.

The essential elements of the offense of conspiracy to commit murder are: (1) the defendant (2) agreed with one or more other persons to commit the crime of murder (3) with the intent to commit murder and (4) the defendant or one of the persons to the agreement performed an overt act in furtherance of the agreement. Ind. Code § 35-41-5-2. The essential elements of the charged offense of criminal confinement in this case are: (1) the defendant (2) knowingly or intentionally (3) removed the victim by force from one place to another. Ind.Code § 35-42-3-3.

The charging information identified four alternative overt acts: abduction, confinement, rape, and disposing of the body. Redman points to the language of the conspiracy charge that permitted the victim's abduction to constitute the overt act element, and argues that the State's voir dire, opening statement, testimony of a witness, and closing statement described the initial abduction evidence as the basis for the criminal confinement count. He argues that there is a "reasonable possibility that the evidentiary facts used by the jury to establish the overt act of 'abduction' in the conspiracy charge may have also been used to establish the essential element of forceful removal in the criminal confinement charge." Br. of Appellant at 29.

In response, the State first argues that there is no reasonable possibility that the jury relied on the same evidentiary facts to prove both the confinement and the conspiracy charges. The State notes that the charged alternative overt acts are supported by separate evidence. It emphasizes the separate evidence of the continuous captivity, the repeated rapes of the victim during several days, and the disposal of her body after the murder. Alternatively, the State argues that the issue should be remanded to the trial court for factual findings regarding the evidence used by the jury as to each conviction.

■ Contrary to Redman's claim, to establish a violation of the Indiana Double Jeopardy Clause under the actual evidence test, it is not sufficient merely to show that the same evidence may have been used to prove a *single element* of two criminal offenses. Rather, it is necessary to show a possibility that the same evidentiary facts were used to prove the *body of essential elements* that comprise each of two or more of the offenses resulting in convictions. *See Richardson*, 717 N.E.2d at 53.

■ If the jury found Redman guilty of conspiracy to commit murder based upon the single overt act of Redman's knowing or intentional removal of the victim from one place to another, the convictions for both conspiracy and criminal confinement would have been based on the same evidence and thus would violate the Indiana Double Jeopardy Clause. The issue before us, however, is not merely whether it is *possible* that this occurred, but rather whether the likelihood of this occurrence is sufficiently substantial for us to conclude that it is *reasonably* possible that this occurred.

In *Griffin v. State*, 717 N.E.2d 73 (Ind. 1999), we were confronted with a similar issue. The jury was instructed that the charge of conspiracy to commit robbery could be established by various alleged overt acts, one of which was the completed robbery itself. Noting the extensive evidence of the other alleged overt acts, we rejected the claim of double jeopardy and emphasized: "To establish that two of-

fenses are the same offense under the actual evidence test, the possibility must be reasonable, not speculative or remote." *Id.* at 89.

■ In the present case, the evidence indicated that Redman and others forcibly abducted the victim, a mentally retarded woman, and took her to a residential attic where they confined her for several days, possibly more than a week, during which they compelled her to engage in multiple acts of oral, anal, and vaginal intercourse. After killing her, her assailants left her body in the attic for several days, then moved it to a nearby shed, and then removed it to a rural wooded site in Illinois.

In argument to the jury, the State did not restrict itself to the abduction as the overt act for conspiracy. The prosecutor argued that Redman and his accomplices "performed one or more of the overt acts, either the abduction, the confinement, the rape or the disposal of the body. Of course, we submit that all of them occurred, but if you only believed one of them occur[red] and not the others, that's sufficient to convict." Record at 2488.

The trial court's final Instruction No. 6, in part advised the jury that the State "must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement." Record at 428. The court's Instruction No. 7, enumerating the elements of the offense of conspiracy to commit murder as charged in this case, included its advisement that, to convict Redman of conspiracy to commit murder, the State must have proved that he agreed with another person to commit murder, that he did so with the intent to commit murder, and that Redman or one of the other persons to the agreement "performed an overt act in furtherance of the agreement by either abducting, or confining, or raping, or disposing of the body of [the victim]." *Id.* at 430, 2530. As to the charge of criminal confinement, the court's Instruction No. 9 authorized conviction upon finding proof beyond a reasonable doubt that Redman knowingly or intentionally removed the victim by force from one place to another. *Id.* at 432, 2531.

In view of the extensive evidence of the protracted criminal episode, the State's closing argument, and the court's instructions which clearly authorized any one of several bases for finding the overt act element, we find no sufficiently substantial likelihood that the jury relied on the evidence of the abduction by removal to establish the overt act element of the conspiracy charge. The possibility is remote and speculative and therefore not reasonable. Because there is no reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both criminal confinement and conspiracy to commit murder, we reject Redman's claim that his convictions on these counts violated the Indiana Double Jeopardy Clause.

### Conclusion

We affirm Redman's convictions for murder and conspiracy to commit murder. As to criminal confinement, we modify the judgment from a class B felony to a class D felony and impose a sentence of three years, to be served consecutively. As to criminal deviate conduct, we modify the judgment from a class A felony to a class B felony and impose a sentence of twenty years, to be served consecutively.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.