

FILED

Oct 18 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**RUSSELL A. JOHNSON**
**HEATH Y. JOHNSON**
**SUZY ST. JOHN**
Johnson, Gray & MacAbee
Franklin, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN L. REITZ**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

FLOYD WEDDLE,                          )
                                       )
    Appellant-Defendant,               )
                                       )
        vs.                         )    No.  73A01-1209-CR-452
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.                )

APPEAL FROM THE SHELBY SUPERIOR COURT NO. 1
The Honorable Jack A. Tandy, Judge
Cause No. 73D01-1101-FA-2

**October 18, 2013**

**OPINION ON REHEARING—FOR PUBLICATION**

**BAKER, Judge**

In our original opinion reported as <u>Weddle v. State</u>, 989 N.E.2d 371 (Ind. Ct. App. 2013), we addressed Weddle's claims regarding the propriety of the police officers' protective sweep and subsequent search of his residence that led to the discovery of drugs and paraphernalia. We determined that the protective sweep of the residence was proper and the items seized during the subsequent search were properly admitted into evidence. <u>Id.</u> at 377-78. As a result, Weddle was convicted of

> Count I—Manufacturing Methamphetamine, a class A felony
> Count II—Possession of Methamphetamine, a class B felony
> Count III—Possession of Drug Lab Precursors, a class D felony
> Count IV—Maintaining a Common Nuisance, a class D felony
> Count V—Possession of Marijuana a class A misdemeanor
> Count VI—Possession of Marijuana, a class A misdemeanor

<u>Id.</u> at 375.[1] The trial court sentenced Weddle to concurrent sentences on all counts that resulted in an aggregate term of thirty-five years. <u>Id.</u>

We now grant Weddle's petition for rehearing for the limited purpose of addressing an omitted issue regarding his convictions for both manufacturing methamphetamine and possession of methamphetamine. Weddle maintains that convicting him of both offenses violated the Indiana Constitution's prohibition against double jeopardy.

In support of his claim, Weddle argues that

> The charging information for Counts 1 and 2 does not specify different modes of conduct. App. 24. Additionally, it appears the only evidence to support the possession charge came from Jenna Crawford, who testified the Gatorade cooler tested positive for methamphetamine, and the presence of

---

[1] The trial court subsequently vacated the conviction in Count V.

2

Ephedrine/Pseudoephedrine. Tr. 646; State's Exh. 4. Moreover, during closing argument, the prosecutor pointed to the same evidence to support counts 1 and 2. Id. at 834-35.

* * *

The prosecutor then moved on to discuss the possession of precursors charge without specifically referencing Count 2. Id. at 836. The court's instructions do not shed light on separate theories of conduct to support Counts 1 and 2, and neither does the charging information. App. 24.

* * *

Therefore, the State advanced the same evidence to support both charges, and there is a reasonable possibility the jury relied on the same evidence for both.

Appellant's Br. p. 25-26.

We initially observe that determining whether multiple convictions violate the prohibition against double jeopardy is a question of law that this Court reviews de novo. Sloan v. State, 947 N.E.2d 917, 920 (Ind. 2011). One way by which punishment for two or more offenses is punishment for the "same offense" in violation of Article 1, Section 14 of the Indiana Constitution is where the actual evidence used to convict one challenged offense also establishes the elements of another challenged offense. Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

To show a violation under the actual evidence test, Weddle "must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the elements of a second challenged offense." Id. at 53. The possibility must be reasonable, not speculative or remote. Lee v. State, 892 N.E.2d 1231, 1236 (Ind. 2008). Additionally, as long as "each conviction

3

require[s] proof of at least one unique evidentiary fact," no violation of the actual evidence test occurs. Bald v. State, 766 N.E.2d 1170, 1172 (Ind. 2002). As our Supreme Court observed in Spivey v. State:

> [U]nder the Richardson actual evidence test, the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish one or even several, but not all, of the essential elements of a second offense.

761 N.E.2d 831, 833 (Ind. 2002); see also Redman v. State, 743 N.E.2d 263, 267 (Ind. 2001) (stating that under Richardson it is "necessary to show a possibility that the same evidentiary facts were used to prove the body of essential elements that comprise each" of the two offenses).

In this case Weddle was found in possession of methamphetamine. Tr. p. 643, 645-46; Exs. 2-4. The police also found numerous accoutrements in the residence that are used to manufacture additional methamphetamine. These items included a Gatorade cooler containing a white plastic jar with coffee filters and an off-white substance, several plastic funnels, a one gallon bottle of Crown Toluol, an organic solvent, pseudoephedrine, and anhydrous ammonia. Tr. p. 593, 597, 602, 609, 612; Exs. 2-3, 14-32, 35-36, 44, 48-50; Exs. 34-50. An Indiana State Police chemist testified at trial that such items were indicative of a methamphetamine laboratory. Tr. p. 610.

Convictions for manufacturing methamphetamine and possession of methamphetamine may be sustained, specifically with the finished product

4

supporting the possession conviction and the unfinished product supporting the manufacturing conviction. Storey v. State, 875 N.E.2d 243, 248-50 (Ind. Ct. App. 2007). It has also been established that the evidence need only show that the manufacturing process has begun to sustain a conviction for manufacturing methamphetamine. Dawson v. State, 786 N.E.2d 742, 747-48h (Ind. Ct. App. 2003).

In light of our discussion above, the jury could have reasonably concluded that Weddle was in possession of methamphetamine and was in the process of manufacturing an additional amount of the drug. See Iddings v. State, 772 N.E.2d 1006, 1017 (Ind. Ct. App. 2002) (finding no double jeopardy violation for convictions of possession of precursors and manufacturing methamphetamine when completed methamphetamine was found in addition to various chemical precursors to manufacture additional methamphetamine). As a result, we reject Weddle's argument that convicting him of both manufacturing methamphetamine and possession of methamphetamine violated the prohibition against double jeopardy.

In conclusion, we grant Weddle's petition for rehearing for the purpose of addressing his double jeopardy claim. In all other respects, we reaffirm our original opinion.

MAY, J., and BRADFORD, J., concur.

5