**FOR PUBLICATION**



**FILED**
Dec 27 2013, 7:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN T. OWENS**
Public Defender of Indiana

**HOPE FEY**
Deputy Public Defender
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

STATE OF INDIANA,                )
                                 )
    Appellant-Respondent,        )
                                 )
       vs.                    )     No. 49A02-1303-PC-228
                                 )
FRANK GREENE,                    )
                                 )
    Appellee-Petitioner.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49F25-0811-PC-261114

**December 27, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Respondent, the State of Indiana (State), appeals the post-conviction court's grant of Appellee-Petitioner's, Frank Greene (Greene), petition for post-conviction relief.

We affirm and remand.

## ISSUE

The State raises one issue on appeal, which we restate as: Whether the post-conviction court erred when it found that Greene's trial and appellate counsel were ineffective for failing to adequately challenge the sufficiency of the evidence for criminal confinement as a Class B felony based on counsels' omission to cite *Long v. State*.

## FACTS AND PROCEDURAL HISTORY

In 2009, Greene was convicted of two Counts of criminal confinement, a Class B felony and a Class D felony, one Count of intimidation, a Class D felony, and one Count of domestic battery, a Class A misdemeanor, based on a prolonged incident spanning two days in November of 2008 in which he terrorized his girlfriend, Brenda Johnson (Johnson), and prevented her from leaving their shared apartment. *See Greene v. State*, 49A05-0905-CR-250, at *1 (Ind. Ct. App. Oct. 30, 2009), *reh'g granted*, Memo Op. (Ind. Ct. App. Feb, 17, 2010), *trans. denied*. In addition, Greene was adjudicated to be an habitual offender. Although Greene received multiple convictions derived from this incident, the only conviction at issue in the present post-conviction appeal is Greene's conviction for criminal confinement as a Class B felony.

2

Greene's charging information for criminal confinement, as a Class B felony, Ind.

Code § 35-42-3-3, provided as follows:

> [Greene], on or about November 15, 2008, did knowingly, by force, or threat of force, remove [Johnson] from one place to another, that is: forcibly removed [Johnson] from the bedroom to the living room of her residence, which resulted in serious bodily injury, that is: loss of consciousness from being strangled, to [Johnson].

(Direct Appeal App., p. 22). On direct appeal, we found the following underlying facts

related to the charge:

> When [Johnson] awoke on Saturday morning, she again attempted to leave the home. Greene still refused to allow her to leave, grabbing her, slapping her in the face several times, and kicking her. Then, Greene placed his hands around her throat and strangled her until she lost consciousness. When she regained consciousness, she was on the couch in the living room. Shortly thereafter, at approximately 1:00 a.m. on Sunday morning, the authorities arrived. Johnson had bruises on her face, neck, arms, and chest, and broken blood vessels on her neck.

*Greene*, 49A05-0905-CR-250, at *1. During the bench trial, Johnson testified that at

some point on Saturday, her niece, Ashley, arrived at the apartment. Greene opened the

door but told Ashley that he "didn't want her in the house and to get the hell up out of the

house[.]" (Transcript Dir. App. p. 23). When Johnson jumped between Greene and

Ashley, Greene grabbed Johnson with both hands around her throat and started strangling

her. Johnson's vision became "real blurry," she started seeing little spots, and lost

consciousness. (Tr. Dir. App. p. 22). Upon regaining consciousness, Johnson noticed

she was on the couch in the living room. She realized that she had been moved from the

bedroom, where Johnson had attempted to strangle her, to the living room.

3

On direct appeal, Greene argued that he was denied the right to a speedy trial and contested the sufficiency of his conviction for criminal confinement as a Class B felony. We affirmed the trial court on both issues. *See Greene*, 49A05-0905-CR-250, at *3. However, while Greene was challenging his Class B felony criminal confinement, this court analyzed the sufficiency of the evidence for criminal confinement as a Class D felony. After we granted Greene's request for a rehearing, the majority noted that even though we mistakenly applied our analysis to the Class D felony conviction, the majority found its investigation equally accurate with respect to the Class B felony conviction and affirmed the trial court's judgment. *See Greene*, 49A05-0905-CR-250, *Memo Op. on reh'g* at *1. Without referencing case law, Judge Riley dissented, concluding that the State failed its burden to establish that the "loss of consciousness from strangulation" resulted from Greene's removal of Johnson from the bedroom to the living room. *See Greene*, 49A05-0905-CR-250, *Memo Op. on reh'g* at *2. Our supreme court denied Greene's petition for transfer.

On November 9, 2010, Greene filed a petition for post-conviction relief, contending that he received ineffective assistance of both trial and appellate counsel for failing to rely on *Long v. State*, 743 N.E.2d 253 (Ind. 2001) in their respective argument that the State presented insufficient evidence of criminal confinement, as a Class B felony. On December 4, 2012, the post-conviction court conducted a hearing on Greene's petition for relief. During the hearing, both trial and appellate counsel testified that at the time of the relevant proceedings they were not aware of the *Long* opinion and would have referred to it if they had known it existed. On February 13, 2013, the post-

4

conviction court issued its findings of fact and conclusions of law, granting Greene's petition for post-conviction relief. Focusing on *Long*, the post-conviction court stated that if counsel would have adequately researched the sufficiency of the evidence issue and cited to *Long* as ruling precedent, the trial court and appellate court "would have had no choice but to reverse Greene's conviction for the Class B felony." (Appellant's App. p. 101).

The State now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1, § 5; *Strowmatt v. State*, 779 N.E.2d 971, 974-75 (Ind. Ct. App. 2002). The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Id*. If an issue was available on direct appeal but not litigated, it is waived. *Id*.

### II. *Ineffective Assistance of Counsel*

The State contends that the post-conviction court erred by concluding that Greene had been denied the effective assistance of both trial and appellate counsel. The standard by which we review claims of ineffective assistance of counsel is well established. In order to prevail on a claim of this nature, a defendant must satisfy a two-pronged test, showing that: (1) his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable

5

probability that, but for counsel's errors, the result of the proceeding would have been different. *Johnson v. State*, 832 N.E.2d 985, 996 (Ind. Ct. App. 2005), *trans. denied* (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*). The two prongs of the *Strickland* test are separate and independent inquiries. *Johnson*, 832 N.E.2d at 996. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Timberlake*, *v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied, cert. denied*, 537 U.S. 839 (2002) (quoting *Strickland*, 466 U.S. at 697).

Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord those decisions deference. *Timberlake*, 753 N.E.2d at 603. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. *Id*. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id*. Furthermore, we will not speculate as to what may or may not have been advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best. *Johnson*, 832 N.E.2d at 997.

The State charged Greene with knowingly, by force or threat of force, removing Johnson from the bedroom to the living room, which resulted in serious bodily injury,

namely loss of consciousness from being strangled. The criminal confinement statute reads as follows:

> A person who knowingly or intentionally:
> (1) confines another person without the other person's consent; or
> (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another
>
> commits criminal confinement, a Class D felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in serious bodily injury to another person.

I.C. § 35-42-3-3.[1] Here, the State charged Greene only with Johnson's removal, not with her confinement in place.

The State now asserts that "[t]rial and appellate counsel's performance cannot be considered ineffective for failing to cite a case that is legally and factually distinct from the present case." (Appellant's Br. p. 9) Specifically, the State maintains that nothing in the *Long* opinion supports the post-conviction court's conclusion that *Long* requires the injuries resulting from the Class B felony conviction to originate during the act of removal. *See* Appellant's Br. p. 9. We disagree.

*Long* was the first opinion in a series of three companion cases issued on the same day, revolving around a 1995 criminal episode in Linton, Indiana that resulted in the death of Pamela Foddrill. *Long*, 743 N.E.2d at 256. *See also Redman v. State*, 743

---

[1] We note that our Legislature has amended this statute by deleting section (2). Effective July 1, 2014, the statute will read, in pertinent part, as follows:

> (a) A person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Level 6 felony.

P.L. 158-2013, Sec. 434, eff. July 1, 2014.

N.E.2d at 263 (Ind. 2001); *Russell v. State*, 743 N.E.2d 269 (Ind. 2001). Focusing on the criminal confinement as a Class B felony, our supreme court noted as follows:

> The defendant argues that, while there was evidence that the victim suffered fractured bones, there was no evidence that these injuries resulted from her being forcefully removed from one place to another and that, for this reason, there was insufficient evidence to prove the serious bodily injury element of criminal confinement as a Class B felony. The State argues that "the jury should have inferred that Foddrill's injuries to her nose and eye socket were caused during her movement from one place to another . . .," but does not identify any evidence tending to prove this asserting. We find that the evidence was insufficient to establish that the conduct constituting the charged offense of criminal confinement resulted in serious bodily injury, as required to constitute a [C]lass B felony.

*Long*, 743 N.E.2d at 259 (internal references omitted).

The supreme court was even more pronounced in its conclusion that the elevation of criminal confinement to a Class B felony can only be sustained by injuries inflicted during the removal of the victim from one place to another in *Redman*, *Long*'s companion case. Again analyzing the sufficiency of the evidence for a Class B felony criminal confinement conviction, the court stated in *Redman*:

> Criminal confinement is a Class B felony if it "results in serious bodily injury to another person." Ind. Code § 35-42-3-3. Redman contends that there was no evidence that the victim's fractured bones resulted from the criminal offense of removal from one place to another. The State does not respond to this contention, but rather argues only that Redman held the victim captive in an attic for several days and that the victim's injuries resulted "during the course of her confinement." The State does not identify any evidence tending to show that the victim's broken bones resulted from Redman's removal of her from one place to another. Because we conclude that there was insufficient evidence to permit a jury to find beyond a reasonable doubt that the victim's injuries resulted from the charged criminal offense of criminal confinement *by removing the victim from one place to another*, we vacate the conviction as a Class B felony [.]

*Redman*, 743 N.E.2d at 265 (emphasis added; internal references omitted).

8

We find both *Long* and *Redman* to be on point with the facts of the case before us. Here, as in *Long* and *Redman*, Greene was charged with criminal confinement by application of the removal prong of the statute. The State alleged that as a result of Johnson's removal, she was strangled and lost consciousness. The evidence presented at trial reflects that Greene strangled Johnson in the bedroom until she became unconscious. Upon regaining consciousness, Johnson noticed that she was in the living room. She has no recollection of being moved from the bedroom to the living room. While a reasonable inference can be made that Greene forcibly moved Johnson from the bedroom to the living room, there is a complete lack of evidence that this forced move resulted in serious bodily injury. Because the strangulation and unconsciousness occurred *before* Greene forcibly moved Johnson, these injuries did not result from the charged criminal offense of criminal confinement *by removing Johnson from one place to another. See Redman*, 743 N.E.2d at 265.[2]

Therefore, by failing to adequately research and bring a meritorious issue to the attention of the court, both trial and appellate counsels' representation was inadequate and ineffective. *See Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002); *Bieghler v. State*, 690 N.E.2d 188, 193-96 (Ind. 1997). Both counsels' failure prejudiced Greene as the application of *Long* and *Redman* indicate that he should not have been convicted of criminal confinement as a Class B felony. Thus, we affirm the post-conviction court,

---

[2] The State cites to *Carter v. State*, 766 N.E.2d 377, 380 (Ind. 2002), as standing for the proposition that "injuries resulting from force used to cause the removal should be considered part of the crime[.]" (Appellant's Br. p. 12). However, although the State had charged Carter with two Counts of criminal confinement as Class B felonies, the opinion is unclear which part of the criminal confinement statute—confinement in place or removal—Carter was convicted of.

reduce Greene's conviction in Count I to a conviction for criminal confinement as a Class D felony, and remand to the trial court for resentencing.

CONCLUSION

Based on the foregoing, we conclude that Greene received ineffective assistance of counsel. We remand to the trial court for resentencing.

Affirmed.

KIRSCH, J. concurs

ROBB, C. J. concurs in result with separate opinion

**IN THE
COURT OF APPEALS OF INDIANA**

STATE OF INDIANA, )
                               )
       Appellant-Respondent, )
                               )
         vs. )       No. 49A02-1303-PC-228
                               )
FRANK GREENE, )
                               )
       Appellee-Respondent. )

**ROBB, Chief Judge, concurring in result**

I respectfully concur in result. I believe the majority's outcome is not necessarily compelled by Long. In Long, the confinement by removal of the victim was alleged to have resulted in fractured bones, but there was no evidence of a nexus between the removal and the injury. 743 N.E.2d at 259. Here, there was clear evidence of a temporal connection between the injury and the removal, as the victim testified that Greene put his hands around her throat and strangled her to the point of unconsciousness, and when she regained consciousness she was in a different room.

I acknowledge, however, that the language of the confinement statute requires that for criminal confinement to be a Class B felony, it must "result[ ] in" serious bodily

11

injury. Ind. Code § 35-42-3-3(b)(2)(B). When the defendant is charged with confinement by removal causing serious bodily injury, this language would seem to require that the injury occur <u>during</u> the removal and not prior to, even if, as here, the injury likely facilitated the removal, whereas <u>Long</u> simply requires some nexus between the removal and the injury. As the majority has pointed out, the confinement statute has been amended effective July 1, 2014. The "confinement by removal" subsection has been deleted from the definition of criminal confinement, but it has become the basic definition of kidnapping, also a Level 6 felony. <u>See</u> P.L. 158-2013, Sec. 433 ("A person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another commits kidnapping."). In either case, criminal confinement or kidnapping, the offense will be a Level 3 felony if it results in serious bodily injury. Despite separating the two subsections of what is now criminal confinement, the legislature has not altered the strict language which seemingly requires that the injury occur during the removal.

Because the statute itself precludes the enhancement to a Class B felony, and because neither Greene's trial nor his appellate counsel raised this issue irrespective of <u>Long</u>, I concur with the majority that the post-conviction court properly granted post-conviction relief.

12