## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Julian Rodriguez,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 14, 2016<br><br>Court of Appeals Case No.<br>20A05-1604-CR-903<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Teresa L. Cataldo, Judge<br><br>Trial Court Cause No.<br>20D03-1504-F1-1 |

**Vaidik, Chief Judge.**

# Case Summary

Julian Rodriguez was convicted on three counts of child molesting. On appeal, Rodriguez argues that Counts II and III violate Indiana's constitutional prohibition against double jeopardy. He contends that there is a reasonable possibility that the jury relied on the same evidence when it convicted him on all three counts. Finding no violation, we affirm.

# Facts and Procedural History

From August 2014 to March 2015, Griselda Leyva-Moreno took her two children, A.L. and D.E., to Rodriguez's house almost every night because of her work schedule. In March 2015, A.L., who was nine years old at the time, told her mother that Rodriguez had touched her "nookie" (A.L.'s word for her vagina) on multiple occasions. Leyva-Moreno called the police, and A.L. was interviewed and taken for a sexual-assault examination. After A.L.'s interview and exam, Rodriguez was arrested and charged with three counts of Level 1 felony child molesting.

At trial, the sexual-assault nurse who examined A.L testified that during the exam A.L. told the nurse that Rodriguez "touched her nookie, he put his hand through her pants . . . moved her underwear over and put his finger in her nookie[]. And—and then he does that whenever she's there." Tr. p. 258-59. Upon examining A.L.'s vagina, the nurse found that the vaginal area was "very—very red, more so than what I would normally see. And then on her left

side there was a scratch in the labia minora." *Id.* at 259. She acknowledged that the scratch "only identifies one incident" of penetration, *id.* at 278, but added that the single scratch was not inconsistent with A.L.'s explanation that Rodriguez penetrated her on multiple occasions with his fingers because the vaginal area heals quickly. A.L.'s own testimony was consistent with what she told the nurse during the exam: Rodriguez would place his hand inside of her pants, put his hand on her skin, and touch her "nookie" and that it happened "every day" that she was at his house. *Id.* at 341, 343. The State asked A.L., "[D]id he do anything with his hand once it was inside of your nookie?" *Id.* at 342. A.L. responded that he would wash his hands afterwards. Detective Mora, one of the investigating officers, testified that Rodriguez admitted that he had "adjusted" A.L. three different times; Rodriguez demonstrated what he meant by placing his hand "between his legs in his crotch area," essentially "cupping" his private parts. *Id.* at 399, 401.

[4] The jury found Rodriguez guilty on all three counts. The trial court sentenced Rodriguez to thirty years on each count, with Count II to run consecutive to Count I and Count III to run concurrent with Count I, for a total of sixty years.

[5] Rodriguez appeals.

# Discussion and Decision

[6] Rodriguez contends that his multiple convictions violate the Indiana Constitution's double jeopardy clause, which provides, "No person shall be put

in jeopardy twice for the same offense." Ind. Const., art. 1 § 14. "[T]wo or more offenses are the 'same offense' . . ., if, with respect to **either** the statutory elements of the challenged crimes **or** the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Rodriguez argues a violation of the actual-evidence test. To satisfy this test, he must demonstrate a "reasonable possibility" that the same evidence was used by the factfinder to establish the essential elements for multiple offenses. *Id.* at 53. "[A]s long as each conviction requires proof of at least one unique evidentiary fact, no violation of the actual evidence test occurs." *Weddle v. State*, 997 N.E.2d 45, 47 (Ind. Ct. App. 2013) (quotation omitted), *trans. denied*.

[7] Each of Rodriguez's charges for child molesting was worded identically: "[O]n or about or between the 1st day of January 2015, through the 31st day of March 2015, . . . Julian Rodriguez, a person at least twenty-one years of age, did knowingly perform or submit to other sexual conduct with A.L, a child under fourteen years of age . . . ." Appellant's App. p. 131; *see* Ind. Code § 35-42-4-3(a)(1). As relevant here, "other sexual conduct" includes "the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-31.5-2-221.5(2); Appellant's App. p. 58. As such, the jury was required to find three separate acts of penetration. Rodriguez argues, "The only act of penetration offered to the jury was A.L.'s testimony that the Defendant touched her and the [sexual-assault] nurse testified that there was a scratch to the left side of the labia minora and that the area was very red." Appellant's Br. p. 11. In other words,

Rodriguez contends that the State proved only one act of penetration and that the jury **had** to have relied on the single act for all three counts. We disagree.

[8] The State established that A.L. had been going to Rodriguez's house almost every night for seven months. Rodriguez confessed to placing his hand in A.L.'s crotch area on three occasions when he "adjusted" her. The sexual-assault nurse testified that A.L. told her that Rodriguez "put his finger in her nookie" whenever she went to his house. A.L. also testified that Rodriguez touched her "every day" that she was at his house. When the State asked her if Rodriguez did anything with his hand when it was "inside of [her] nookie," A.L. said that he would wash his hands after. Given this testimony about multiple penetrations—testimony that Rodriguez ignores in his brief—we conclude that Rodriguez has not demonstrated a reasonable possibility that the jury relied on one act of penetration to convict him on all three counts of child molesting.

[9] Affirmed.

Baker, J., and Najam, J., concur.