## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David T. A. Mattingly
Mattingly Legal, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Latroy Maxwell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 25, 2016

Court of Appeals Case No.
79A02-1601-CR-154

Appeal from the Tippecanoe
Circuit Court

The Honorable Thomas H. Busch,
Judge

Trial Court Cause No.
79C01-1505-F1-2

**Bailey, Judge.**

# Case Summary

Latroy Maxwell ("Maxwell") appeals his conviction and sentence for Rape, as a Level 1 felony.[1] We affirm.

# Issues

Maxwell presents two issues for review:

I.     Whether the State presented sufficient evidence of serious bodily injury to elevate the offense to a Level 1 felony; and

II.    Whether his thirty-year advisory sentence is inappropriate.

# Facts and Procedural History[2]

In April of 2015, N.G. lived in Lafayette with her four children. She had obtained a no-contact order against Maxwell, who was the father of one of the children.

---

[1] Ind. Code § 35-42-4-1. He does not challenge his two convictions or concurrent sentences for Invasion of Privacy, a Class A misdemeanor. I.C. § 35-46-1-15.1.

[2] We remind Maxwell's counsel that the Statement of Facts in an appellate brief "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed." Indiana Appellate Rule 46(A)(6)(b). The Statement of Facts section of the Appellant's brief is permeated with an appalling lack of sensitivity. For example, the first paragraph opens with the language: "This is a consent Rape case." Appellant's Brief at 8. The trial is described as a "he-said, she-said" matter. Appellant's Brief at 8. In argument, despite a lack of evidence of the duration of N.G.'s unconsciousness, counsel insists that the period was brief and N.G.'s injuries superficial. According to counsel, "a brief period of unconsciousness coupled with other merely superficial injuries" do not "make the grade" for serious bodily injury. Appellant's Brief at 18-19. Counsel also repeatedly suggests that the evidence of N.G.'s injuries is unworthy of credit, as "self-reporting." Appellant's Brief at 11-12.

[4] On April 23, 2015, at around 10:00 p.m., N.G. answered a knock at her door to find Maxwell standing there holding a case of beer. He handed N.G. the beer and stated that he would be back, then took off down the street.

[5] Within minutes, Maxwell returned. N.G. again opened the door, but did not invite Maxwell inside. Maxwell insisted that he wanted to give his child a hug and kiss, and he walked past N.G. into the house. After trying to awaken his child and interact with her, Maxwell began to express displeasure that the child was not very responsive. He accused N.G. of doing something to cause the child to react negatively to him.

[6] N.G. told Maxwell that he could leave, but Maxwell continued to engage N.G. in conversation. He was alternately speaking in normal tones and in loud, angry tones. At one point, Maxwell "flipped his hand" across N.G.'s lip and expressed his desire to engage in sexual relations. (Tr. at 67.) When N.G. rebuffed Maxwell's request for "moo shoo," he motioned that she should perform oral sex. (Tr. at 67.) N.G. repeatedly told Maxwell no and requested that he leave. Instead, Maxwell tried to interrogate N.G. about whom she was trying to be faithful to. He stated that he was "tired of [N.G.] treating him like one of those other punk ass n-----s on the street" and began to push her into the bedroom. (Tr. at 69.)

[7] Maxwell and N.G. struggled on the bed. N.G. attempted to get up, but Maxwell repeatedly pushed her down. He was attempting to remove N.G.'s pants and she was "holding onto them so he couldn't pull them down." (Tr. at

74.) N.G. dug her nails into Maxwell's neck and bit him on his chest. Maxwell then put his arm around N.G. and choked her into unconsciousness. When N.G. came to, she was aware that her pants were off.

[8] Maxwell used one arm to pin N.G. down and the other arm to pry her knees apart. Maxwell raped N.G. and asked if she "was going to call the police on him." (Tr. at 81.) After N.G. assured Maxwell that she would not call the police, he left.

[9] N.G. called the police and was escorted to the hospital. Maxwell was arrested and charged with Rape, Criminal Confinement, Strangulation, Battery, and Invasion of Privacy. At the conclusion of a jury trial on November 17, 2015, Maxwell was convicted as charged. Because of Double Jeopardy concerns, the trial court entered judgments of conviction on only the Rape and Invasion of Privacy verdicts. Maxwell was sentenced to an aggregate term of imprisonment of thirty years. He now appeals.

# Discussion and Decision

## Sufficiency of the Evidence of Serious Bodily Injury

[10] When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and the reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). In so doing, we do not assess witness credibility or reweigh the

evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[11] In order to convict Maxwell of Rape, a Level 1 felony, as charged, the State was required to show that Maxwell knowingly or intentionally had sexual intercourse with N.G. when N.G. was compelled by force or imminent threat of force, and that the offense resulted in serious bodily injury to N.G. I.C. § 35-42-4-1(b)(3); Confidential App. at 207.

[12] Maxwell challenges only the sufficiency of the evidence to elevate the offense to a Level 1 felony, that is, serious bodily injury. "Serious bodily injury" is bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, permanent or protracted loss or impairment of the function of a bodily member or organ, or loss of a fetus. I.C. § 35-31.5-2-292.

[13] The State presented evidence that Maxwell rendered N.G. unconscious by strangulation. N.G. testified that Maxwell used his arm to choke her, she began to get dizzy, and her ears were ringing; she then "blacked out." (Tr. at 78.) N.G. further testified that when she regained consciousness, she began crying and accused Maxwell of trying to kill her. Her pants had been removed. Nurse Cathy Clark testified that N.G. appeared to have symptoms consistent with loss of consciousness, specifically, memory loss, confusion, and ear pain.

[14] According to Maxwell, the evidence is insufficient to support the elevation of his offense because the evidence of unconsciousness is derived from N.G.'s

"self-reporting at the hospital" as opposed to medical tests, and the State did not establish that the episode of unconsciousness was prolonged. Appellant's Brief at 13. Maxwell argues: "if N.G. was unconscious, it was only briefly, and such scant evidence should not provide the basis to support a finding of serious bodily injury." Appellant's Brief at 13. Maxwell's argument is a blatant request that we reweigh evidence and find N.G. to be lacking in credibility. We will not do so.

[15] Because the statute defining serious bodily injury is written in the disjunctive, the State need only prove one type of injury to establish serious bodily injury. *Davis v. State*, 819 N.E.2d 91, 100 (Ind. Ct. App. 2004). When the victim was rendered unconscious by a blow to the mouth, "[t]his alone was sufficient to establish serious bodily injury." *Id.* at 100-101. *See also State v. Greene*, 16 N.E.3d 416, 420-23 (Ind. 2014) (observing that "serious bodily injury" includes bodily injury causing unconsciousness and recognizing, in the context of post-conviction proceedings, that "the State presented more than sufficient evidence for the jury to infer that Greene's act of force, i.e. his strangulation of Johnson … resulted in serious bodily injury to her"). The State presented sufficient evidence to establish that Maxwell committed Rape, as a Level 1 felony.

## Appropriateness of Sentence

[16] Pursuant to Indiana Code Section 35-50-2-4, a person convicted of a Level 1 felony shall receive a term of imprisonment of between twenty years and forty

years, with thirty years being the advisory sentence. Maxell was given the advisory sentence.

[17] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."' *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[18] As for the nature of the offense, Maxwell violated a no-contact order in place for the protection of N.G. and their child, and refused to leave the house when repeatedly asked to do so. Maxwell then attacked, strangled, and raped his former girlfriend while her four minor children were present in the house.

[19] As to the character of the offender, Maxwell has prior felony convictions in Illinois and Indiana, specifically, for Possession of a Controlled Substance, Attempted Robbery, and Robbery. He has misdemeanor convictions for Retail Theft, Battery, Driving While Intoxicated, and Leaving the Scene of an Accident. He was on probation at the time he committed the present offense.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

Sufficient evidence supports the elevation of Maxell's crime of rape to a Level 1 felony. Maxwell has not demonstrated that his advisory sentence is inappropriate.

Affirmed.

Riley, J., and Barnes, J., concur.