ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Andrew A. Kobe
Justin F. Roebel
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Stephen T. Owens
Hope H. Fey
Indianapolis, Indiana



FILED
Sep 17 2014, 2:49 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

_____

No. 49S02-1403-PC-172

STATE OF INDIANA,

*Appellant (Respondent below),*

v.

FRANK GREENE,

*Appellee (Petitioner below).*

_____

Appeal from the Marion Superior Court, No. 49F25-0811-PC-261114
The Honorable Clark H. Rogers, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1303-PC-228

_____

**September 17, 2014**

**David, Justice.**

Convicted of class B felony criminal confinement, Frank Greene alleged in his petition for post-conviction relief that his trial and appellate counsel provided ineffective assistance by failing to present allegedly controlling precedent from this Court and thus adequately challenge the sufficiency of the evidence underlying his conviction. Greene argued that had counsel submitted Long v. State, 743 N.E.2d 253 (Ind. 2001), to their respective courts, he would have

obtained, at worse, a conviction for class D felony criminal confinement. Persuaded, the post-conviction court ordered his class B felony conviction reduced to a class D felony. The Court of Appeals affirmed, and the State appealed.

The validity of Greene's post-conviction claim turns on the legitimacy of his argument that Long compelled a different result at trial. Specifically, he contends Long holds that in order for a defendant to be convicted of class B felony criminal confinement, the State must have proven beyond a reasonable doubt that serious bodily injury to the victim resulted when the victim was moved from one place to another. Concluding that Greene mischaracterizes Long, we find that the post-conviction court clearly erred in its judgment, as Greene's counsel did not render ineffective assistance by failing to argue a misstatement of the law.

**Facts and Procedural History**

At the close of his February 2009 bench trial, Greene was convicted, among other counts, of class B felony criminal confinement[1] for a prolonged incident spanning two days in November 2008 during which he terrorized his girlfriend Brenda Johnson and held her captive in their shared apartment.[2] Greene v. State, No. 49A05-0905-CR-250, Slip. op. at *1 (Ind. Ct. App. Oct. 30, 2009). Relevant here is that evidence was presented at trial that revealed, while in their bedroom, Greene strangled Johnson until she lost consciousness. When she regained consciousness, she was on a couch in their living room. Additionally, the trial court found Greene to be a habitual offender[3] and sentenced Greene, in total, to fifty years executed.

---

[1] Ind. Code § 35-42-3-3 (2008).
[2] He was also convicted of class C felony and class A misdemeanor battery (Ind. Code § 35-42-2-1 (2008)), class D felony strangulation (Ind. Code § 35-42-2-9 (2008)), class D felony and class A misdemeanor intimidation (Ind. Code § 35-45-2-1 (2008)), class D felony criminal confinement (which was later merged with his class B felony criminal confinement conviction as to avoid double jeopardy), and two counts of class A misdemeanor domestic battery (Ind. Code § 35-42-2-1.3 (2008)).
[3] Ind. Code § 35-50-2-8 (2008).

2

On direct appeal, Greene argued that there was insufficient evidence to sustain his conviction for class B felony criminal confinement. Greene, No. 49A05-0905-CR-250 at *2–3.[4] The Court of Appeals affirmed, Greene, No. 49A05-0905-CR-250 at *3, and this Court denied Greene's petition to transfer, Greene v. State, 929 N.E.2d 793 (table) (Ind. 2006).

Then in November 2010, Greene filed a petition for post-conviction relief in which he claimed that he received ineffective assistance of trial and appellate counsel. Specifically, in his amended PCR petition, Greene contended that had counsel presented Long, either he would not have been convicted of class B felony criminal confinement or his conviction would have been set aside for insufficient evidence, because "the State totally failed to prove the loss of consciousness had resulted from Ms. Johnson's removal from the bedroom to the living room as required by Long." (App. at 48–50.) To Greene, Long is "directly on point." (Appellee's Br. at 7.)

At an evidentiary hearing, both Greene's trial and appellate counsel testified that they were unaware of Long at the relevant times, but would have argued the case had they been aware. Following the hearing, the post-conviction court issued findings of fact and conclusions of law and found that "[t]here is no question in this Court's opinion that [Greene] should not have been convicted of Class B felony confinement"; thus, "both trial and appellate counsel were ineffective for failing to properly argue Supreme Court precedent on point with [Greene's] case." (App. at 99, 103.) As a result, the post-conviction court reduced Greene's class B felony criminal confinement conviction to class D felony criminal confinement and ordered that he be resentenced accordingly. The State subsequently appealed. Unanimous in result, the Court of Appeals affirmed. State v. Greene, No. 49A02-1303-PC-228, Slip. op. at *10 (Ind. Ct. App. December 27, 2013) (Robb, C.J., concurring).

---

[4] Though the Court of Appeals mistakenly analyzed the sufficiency of the evidence for *class D felony* criminal confinement, on rehearing the majority concluded that it was "equally accurate" to apply that analysis to Greene's class B felony criminal confinement conviction and affirmed. Greene, No. 49A05-0905-CR-250, Slip op. on Reh'g at *2 (Ind. Ct. App. Feb. 17, 2010).

3

We granted the State's petition to transfer, thereby vacating the Court of Appeals opinion, Ind. Appellate Rule 58(A), to address whether the post-conviction court erred in finding that Greene's trial and appellate counsel were ineffective for failing to adequately challenge the sufficiency of the evidence underlying Greene's class B felony criminal confinement conviction by failing to cite Long.

## Standard of Review

A judgment granting post-conviction relief will be "reverse[d] only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that [a] mistake has been made." Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000) (internal quotation omitted). See also Ind. Trial Rule 52(A) (when appeal from non-jury trial does not challenge negative judgment, "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses"). "Because this 'clearly erroneous' standard is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses"; rather, we "consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence." Ben-Yisrayl, 738 N.E.2d at 258–59.

Furthermore, to establish ineffective assistance of counsel, a petitioner is "required to show that (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Landis v. State, 749 N.E.2d 1130, 1133–34 (Ind. 2001) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). These prongs are "separate and independent inquiries," and a petitioner's "failure to establish either prong will cause the claim to fail." Landis, 749 N.E.2d at 1134; Vermillion v. State, 719 N.E.2d 1201, 1208 (Ind. 1999). In order to succeed, a petitioner must overcome the "strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Stevens v. State, 770 N.E.2d 739, 746 (Ind. 2002).

4

**Greene Did Not Receive Ineffective Assistance of Counsel**

Determining that Greene received ineffective assistance of trial and appellate counsel, the post-conviction court agreed with Greene that his counsels' failure to discover and argue <u>Long</u> constituted deficient performance resulting in prejudice to him. As the post-conviction court put it: "[i]n <u>Long</u> . . . the Court had held the State presented insufficient evidence . . . that serious bodily injury had resulted from the 'removal' of the victim . . . . When the State presents sufficient evidence of a 'removal' but insufficient evidence of a serious bodily injury *resulting from the removal itself*," a class B felony criminal confinement conviction must be reduced to a class D felony conviction. (App. at 69 (emphasis added).) In his brief, Greene repeats this reasoning. The State, however, maintains that the post-conviction court committed clear error because "[t]rial and appellate counsel's performance cannot be considered ineffective for failing to cite a case that is legally and factually distinct from the present case." (Appellant's Br. at 7, 9.)

Thus, in order to determine whether Greene received ineffective assistance of counsel, we must examine whether <u>Long</u> and closely related precedent would have mandated a different result at trial. Our review leaves us convinced that these cases would not.

We begin with the relevant statute. In <u>Long</u> and at the time Greene was convicted, Indiana's criminal confinement statute provided, in pertinent part, that:

> (a) [a] person who knowingly or intentionally:
>
> (1) confines another person without the other person's consent; or
>
> (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;
>
> commits criminal confinement. Except as provided in subsection (b), the offense of criminal confinement is a Class D felony.
>
> (b) The offense of criminal confinement defined in subsection (a) is:

. . .

(2) a Class B felony if it:

. . .

(B) results in serious bodily injury to a person other than the confining or removing person . . . .

Ind. Code § 35-42-3-3.[5] [6] Two distinct types of criminal confinement are encompassed: confinement by non-consensual restraint and confinement by forcible removal. Kelly v. State, 535 N.E.2d 140, 140–41 (Ind. 1989). Like Greene, Long was specifically charged with and convicted of confinement by forcible removal resulting in serious bodily injury.[7] Long, 743 N.E.2d at 258.

Contending that his criminal confinement conviction should be reduced from a class B felony to a class D felony, Long insisted that although there was evidence that his victim Pamela Foddrill suffered fractured facial bones, there was no evidence that these injuries resulted from her being forcefully removed from one place to another. Id. at 259. Without such evidence, he reasoned, there was insufficient evidence to establish the serious bodily injury enhancement. Id.

---

[5] Effective July 1, 2014, the criminal confinement statute was recodified. Now, it reads, in relevant part: "(a) [a] person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement." Ind. Code § 35-42-3-3 (effective July 1, 2014). Should his criminal episode have occurred after July 1, 2014, Greene would have likely been (also) charged under the recodified kidnapping statute, which provides, in pertinent part: "(a) [a] person who knowingly or intentionally removes another person, by fraud, enticement, force, or threat of force, from one place to another commits kidnapping. . . . (2) a Level 3 felony if it: . . . (B) results in serious bodily injury to a person other than the removing person . . . ." Ind. Code § 35-42-3-2 (effective July 1, 2014).

[6] "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-31.5-2-292 (Supp. 2013).

[7] The evidence indicated that Long, together with two co-conspirators, kidnapped a mentally handicapped woman; confined her in an attic for possibly longer than one week; forced her to engage in multiple acts of oral, anal, and vaginal intercourse; killed her by beating her with a baseball bat and stabbing her with a knife; and concealed her body. Long, 743 N.E.2d at 260, 262. Ultimately, this Court upheld his conviction and sentence of life imprisonment without the possibility of parole for the murder of Pamela Foddrill. Id. at 262.

The State countered that "the jury could have inferred that Foddrill's injuries to her nose and eye socket were caused during her movement from one place to another" but did not identify any evidence as proof. Id. (quoting Appellee's Br. at 13). On review, we found that "the evidence was insufficient to establish that the conduct constituting *the charged offense* of criminal confinement resulted in serious bodily injury." Id. (emphasis added.)

Crucially, "the charged offense" was that (1) Long (2) knowingly or intentionally (3) removed the victim from one place to another (4) by force. Ind. Code § 35-42-3-3. At issue were elements three *and* four, and without identifying the circumstances under which Foddrill sustained facial fractures, the State could not establish beyond a reasonable doubt that Foddrill's serious bodily injury occurred *during* her forcible removal from one place to another. This was likely attributable to the facts of the case: Long and two others confined Foddrill for possibly longer than one week in an attic, and in the course of her captivity and murder, inflicted numerous injuries upon her. Id. at 260, 262. Under these circumstances, the State was likely unable to isolate precisely when Foddrill sustained her fractures. Thus, the jury was unable to find that serious bodily injury resulted from her forcible removal.

But, factually, this case is different. At Greene's trial, Johnson testified that Greene strangled her unconscious while in their bedroom, and that she regained consciousness in their living room. Greene v. State, No. 49A05-0905-CR-250, Slip. op. at *1. Given this evidence, the jury could have reasonably inferred that Greene's act of force, strangulation, both facilitated his removal of Johnson from their bedroom to their living room and resulted in serious bodily injury to her. See Ind. Code § 35-31.5-2-292 (Supp. 2013) ("Serious bodily injury" includes bodily injury causing unconsciousness). Unlike in Long, the evidence here supported the State's contention that the defendant's knowing or intentional removal of the victim from one place to another by force resulted in serious bodily injury to the victim.

Even if we were to set aside the factual distinctions between Long and Greene's case, we would still find that Long does not control, for in Long we held that the State did not establish beyond a reasonable doubt that the conduct constituting the charged offense of criminal

confinement—a defendant's knowing or intentional forcible removal of the victim from one place to another—resulted in serious bodily injury to the victim. As such, contrary to Greene's claim, we did not "hold[] that for a defendant to be convicted of criminal confinement by removal as a Class B felony . . . the State was required to prove the charged 'serious bodily injury' was caused '*during* [the victim's] movement from one place to another.'" (Appellee's Br. at 11 (emphasis added).)

This is, at a minimum, an incomplete assessment of our holding in Long, for the conduct constituting the charged offense of criminal confinement includes a *forcible* removal, not just a removal, resulting in serious bodily injury. To be sure, there must be a temporal link between the inducement (here via force) and the removal so as to constitute one incident, but we do not interpret the relevant statutory language so narrowly as to require the serious bodily injury to be suffered by the victim during the actual act of removal from one place to another. Doing so would render the inducement, or "forcible," element meaningless. See Spaulding v. Int'l Bakers Servs., Inc., 550 N.E.2d 307, 309 (Ind. 1990) ("Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute." (internal citation omitted)). Instead, we give each word its plain meaning. Ind. Code § 1-1-4-1(1) (2005); Naugle v. Beech Grove City Sch., 864 N.E.2d 1058, 1068 (Ind. 2007).

Moreover, force can be a conduit for removal. See Carter v. State, 766 N.E.2d 377, 380 (Ind. 2002) (sufficient evidence sustained two class B felony criminal confinement convictions where defendant and companions beat victims and forced victims to lead them to other locations). It would only be logical to hold that proof of the defendant's use of immobilizing, incapacitating, or sufficient force *in order to* move the victim that results in serious bodily injury to the victim sustains a conviction for class B felony criminal confinement. See State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004) ("We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results." (internal quotation omitted)).

So consequently <u>Long</u> requires us to determine whether the evidence the State offered at trial established beyond a reasonable doubt that Greene knowingly or intentionally forcibly removed Johnson from one place to another, with serious bodily injury to Johnson resulting. If Greene's interpretation of <u>Long</u> was accurate, then we would be required to consider whether his trial and appellate counsel rendered ineffective assistance by failing to direct their respective courts toward its allegedly dispositive holding. Yet as it was decided, <u>Long</u> does not control Greene's case. Ironically, in holding that *each* element of the charged offense of criminal confinement listed in Ind. Code § 35-42-3-3 must be supported by sufficient evidence in order for a conviction to stand, <u>Long</u> effectively vitiates Greene's claim for post-conviction relief, because his counsel cannot be faulted for not arguing what is not the law, as counsel for the State expressed during oral arguments.

Likewise, neither is <u>Redman v. State</u> on point. 743 N.E.2d 263 (Ind. 2001). A co-conspirator of Long's, Redman was also convicted of class B felony criminal confinement by removal. <u>Id.</u> at 264. He too claimed that although there was evidence his victim suffered fractured bones, there was no evidence that those injuries resulted from her being forcefully removed from one place to another, and consequently that there was insufficient evidence to establish the serious bodily injury enhancement. <u>Id.</u> at 265. And again, because the State failed to identify evidence establishing that the victim's fractures resulted from her forcible removal, we concluded that "there was insufficient evidence to permit a jury to find beyond a reasonable doubt that the victim's injuries resulted from the *charged criminal offense* of criminal confinement by removing the victim from one place to another" and appropriately modified Redman's sentence for criminal confinement. <u>Id.</u> (emphasis added.)

<u>Redman</u> echoes <u>Long</u>: the charged offense of class B felony criminal confinement, as set forth above, encompasses a defendant's use of force (or other listed inducement) to remove a victim from one place to another that causes the victim serious bodily injury. We therefore cannot agree with Greene's conflicting interpretation.

Extending Greene's argument to other crimes also reveals that his understanding of Long is contrary to law. For example, Ind. Code § 35-42-5-1 (effective July 1, 2014) provides, in relevant part, that:

> [a] person who knowingly or intentionally takes property from another person or from the presence of another person . . . by using or threatening the use of force on any person . . . commits robbery, a Level 5 felony. However, the offense is . . . a Level 2 felony if it results in serious bodily injury to any person other than a defendant.

If Greene would have us hold that serious bodily injury must only occur during the removal of the victim to sustain a class B felony criminal confinement conviction, then he would likely argue that robbery is a Level 2 felony only if the use of force resulting in serious bodily injury to the victim occurred simultaneously with the taking of the victim's property. Apparently, it would not be enough for Greene if Person A punched Person B unconscious before running off with B's purse; A would have to punch B unconscious with one hand while snatching B's purse with the other for the serious bodily injury enhancement to correctly attach. Under this line of thinking, if A knocks B unconscious even one second before taking her property, then A committed battery[8] and theft,[9] but not Level 2 felony robbery. But this would be mistaken, as A utilized force to effectuate the taking of B's property, and it is "the absence of force [that] reduces a robbery to theft." Young v. State, 725 N.E.2d 78, 80 (Ind. 2000).

A similar argument would also apply to Level 1 rape, as set forth in Ind. Code § 35-42-4-1 (effective July 1, 2014):

> [a] person who knowingly or intentionally has sexual intercourse with another person . . . when: (1) the other person is compelled by force or imminent threat of force . . . commits rape, a Level 3 felony. . . . [and] a Level 1 felony if . . . (3) it results in serious bodily injury to a person other than a defendant.

---

[8] Ind. Code § 35-42-2-1 (effective July 1, 2014).
[9] Ind. Code § 35-43-4-2 (effective July 1, 2014).

Greene would likely argue that under <u>Long</u> serious bodily injury to the victim could only occur during the act of sexual intercourse for the highest statutory enhancement to apply; if not, the defendant could only be convicted of battery and Level 3 felony rape. We cannot agree.

As previously explained, the viability of Greene's ineffective assistance of counsel claim turns on the strength of his assessment of <u>Long</u>, which he claims holds that serious bodily injury to the victim must occur during the course of the victim's removal for a class B felony criminal confinement conviction to be upheld. Our review has revealed that <u>Long</u> and <u>Redman</u> actually hold that serious bodily injury to the victim must be sustained during the charged offense of criminal confinement: a defendant's knowing or intentional *forcible removal* of the victim from one place to another. Thus, the victim must suffer serious bodily injury *as the result of the act of forcible removal*, whether or not the act of force occurs simultaneously with the act of removal.

What Greene argues his trial and appellate counsel should have argued, then, is not the law. By failing to present an incorrect interpretation of case law, Greene's counsels' conduct did not fall below an objective standard of reasonableness, and they did not render ineffective assistance. In deciding otherwise, the post-conviction court committed clear error. Under the facts of this case, the State presented more than sufficient evidence for the jury to infer that Greene's act of force, i.e. his strangulation of Johnson, facilitated his removal of Johnson from one place to another and resulted in serious bodily injury to her.

## Conclusion

We therefore reverse the post-conviction court's modification of Greene's conviction and sentence for class B felony criminal confinement.

Rush, C.J., Dickson, Rucker, and Massa, J.J., concur.

11