## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Eric L. Davis, Sr.
Westville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric L. Davis, Sr.,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent.* | July 31, 2015<br><br>Court of Appeals Case No.<br>71A03-1403-PC-82<br><br>Appeal from the St. Joseph Superior Court.<br>The Honorable Jerome Frese, Judge.<br>Cause No. 71D03-1109-PC-45 |

**Shepard, Senior Judge**

[1]     Eric L. Davis, Sr., appeals from the denial of his petition for post-conviction relief.  He asserts that his trial counsel engineered a plea agreement that was at least partly illusory.  We affirm.

# Issue

Davis raises several issues, only one of which was appropriately raised in this post-conviction proceeding: whether Davis received ineffective assistance of trial counsel in negotiating the plea agreement.[1]

# Facts and Procedural History

The State charged Davis with being a felon in possession of a handgun, a Class C felony; possession of a handgun without a license, a Class A misdemeanor; and being a habitual offender. The State and Davis entered into a plea agreement, and Davis agreed to plead guilty to the C felony charge. In exchange, the State agreed to dismiss the other charges and to cap the executed portion of Davis's sentence at two years, the mandatory minimum.

The trial court accepted the plea agreement and sentenced Davis to eight years. The court allowed Davis to serve the two-year executed term on day reporting with electronic monitoring, and it suspended the remaining six years. Davis did not appeal.

---

[1] Davis also appears to claim prosecutorial misconduct and trial court error in permitting the State to file a habitual offender enhancement, but those claims are unavailable on post-conviction review. *See Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001) ("post-conviction procedures do not provide a petitioner with a 'super-appeal' or opportunity to consider freestanding claims that the original trial court committed error").

[5] Later, the State petitioned to revoke Davis's probation, and Davis admitted to the violation. The trial court sentenced Davis to serve his full eight-year sentence at the Department of Correction.

[6] Davis filed a petition for post-conviction relief, and the court held an evidentiary hearing. The State later submitted a memorandum conceding that it "mistakenly and inappropriately applied the Habitual Offender enhancement" to the case. Appellant's April 8, 2015 Appendix, p. 45.[2] The post-conviction court denied Davis's petition, and this appeal followed.

## Discussion and Decision

[7] Davis argues that he established that his trial counsel rendered ineffective assistance because she negotiated a plea agreement for which one of its benefits—dismissal of the habitual offender enhancement—was illusory. He says the State should not have been allowed to file the enhancement charge at all because it was an impermissible double enhancement.

[8] As a preliminary matter, the State claims that Davis has waived this issue by failing to provide a complete record on appeal. Specifically, Davis has not provided us with a transcript of his guilty plea hearing. We reject the State's

---

[2] Davis filed several versions of his Appellant's Appendix while the case was pending, and they do not all contain the same documents. For clarity's sake, we will cite to an Appendix by the filing date.

claim because an appellant's failure to include an item in the appendix "shall not waive any issue or argument." Ind. Appellate Rule 49(B).

[9] When appealing the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Campbell v. State*, 19 N.E.3d 271, 274 (Ind. 2014). The post-conviction court made findings of fact and conclusions thereon. Thus, we will reverse only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.*

[10] To establish ineffective assistance, a petitioner must demonstrate: (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *State v. Greene*, 16 N.E.3d 416, 418 (Ind. 2014). A petitioner must overcome a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 419. Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Wentz v. State*, 766 N.E.2d 351, 361 (Ind. 2002).

[11] Furthermore, when counsel is alleged to have given incorrect advice as to penal consequences, a petitioner must establish by objective facts that counsel's error was material to petitioner's decision to plead guilty. *Willoughby v. State*, 792

N.E.2d 560, 564 (Ind. Ct. App. 2003), *trans. denied*. Merely alleging that the petitioner would not have pled had correct advice been given is insufficient. *Id.* Specific facts must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea. *Id.*

[12] Here, the post-conviction court did not make a definitive finding about ineffective assistance. Instead, the court acknowledged that the habitual offender enhancement was inappropriate but explained that the plea agreement contained multiple, substantial benefits for Davis.

[13] The evidence supports the post-conviction court's conclusion. Davis received the minimum possible executed sentence of two years, well short of the maximum sentence of eight. And, doubtless due to the amount of executed time, the trial court allowed Davis to serve that portion of his sentence on day reporting rather than in the Department of Correction. These are significant benefits. Davis's trial counsel stated in post-conviction discovery responses that she believed the cap on the executed portion of the sentence "contributed to deciding to forego the suppression hearing and trial in the underlying criminal case." Appellant's April 8, 2015 App. p. 28.

[14] Based on this evidence, we cannot conclude that Davis established an objective reasonable probability that correct advice on the habitual offender enhancement would have caused him to reject the plea bargain. The plea bargain was so beneficial to Davis that counsel's performance fell within the range of

professional norms despite her failure to note that the habitual charge was unavailable. Davis has failed to establish clear error.

[15] For the reasons stated above, we affirm the judgment of the post-conviction court.

[16] Affirmed.

Kirsch, J., and Bradford, J., concur.