## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Curtis L. McBride
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Curtis L. McBride,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 7, 2019

Court of Appeals Case No.
18A-PC-2167

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1708-PC-42

**Tavitas, Judge.**

# Case Summary

[1] Curtis McBride, pro se, appeals the post-conviction court's ("PC court") denial of his petition for post-conviction relief. We affirm.

# Issues

[2] McBride raises several issues, which we revise and restate as:

    I.     Whether McBride was denied the effective assistance of trial counsel.

    II.    Whether the PC court erred by failing to address McBride's claim of ineffective assistance of another trial counsel.[1]

# Facts

[3] The facts as stated in McBride's direct appeal follow:

> [O]n March 21, 2006, Elkhart City Police Sergeant Todd Thayer received a complaint from the manager of River Run Apartments regarding apartment 209. Sergeant Thayer and Corporal Laura Robbins went to the apartment and smelled the strong odor of burnt marijuana coming from inside the apartment. Sergeant Thayer knocked on the apartment door, and Fierra Pratcher, who lived in the apartment and was McBride's cousin, opened the door and let the police officers inside. Upon entering the apartment, Sergeant Thayer heard a noise coming from the bedroom and asked Pratcher if anyone else was in the apartment. Pratcher responded that her cousin was in the bedroom. The sergeant then saw a man, who was later identified as McBride, "dash" from the bedroom to the bathroom. *Transcript Volume II* at 30. Sergeant Thayer, concerned that the man might have a

---

[1] Both trial counsel at issue in McBride's petition for post-conviction relief are now deceased.

weapon or might be trying to destroy evidence, walked over to the bathroom door. The bathroom door was open approximately six inches, and Sergeant Thayer saw a man, later identified as Chavez Calbert, standing by the toilet. After Sergeant Thayer heard some "plastic crinkling", *id.* at 32, he attempted to push the door open but was met with resistance and unable to do so because McBride was directly behind the door. Sergeant Thayer pushed the door open and saw McBride standing there with his hand in a plastic bag that was hanging on the back of the door. Sergeant Thayer grabbed McBride and ordered him and Calbert out of the bathroom. Once in the living room, McBride told police his name was Anthony McBride, which was actually his brother's name.

Sergeant Thayer went back to the bathroom to look at the plastic bag in which McBride had his hand and saw that the bag, which was filled with trash, contained baggies of rock-like and plant-like substances—later determined to be cocaine and marijuana—sitting on top of the trash. Specifically, one baggie contained cocaine in two larger pieces and 15 smaller rocks of cocaine packaged in 15 plastic bag corners and had an aggregate weight of 56.49 grams. A second baggie contained 5 pieces of cocaine packaged in 5 plastic bag corners and had an aggregate weight of 1.44 grams of cocaine. The marijuana found was packaged in 49 plastic bag corners and had an aggregate weight of 42.73 grams. During a search of the apartment, the police also discovered in the bedroom a razor knife with a white, flaky residue and a shoe box containing additional cocaine. This cocaine was packaged in 4 plastic bag corners and had an aggregate weight of 1.16 grams. The police also found a handheld, postal-type scale in the bedroom and a box of plastic saran wrap in the living room.

When the police arrested McBride, he asked, "Why isn't anybody else wearing handcuffs?" *Id.* at 48. During a pat down of McBride, the police discovered "a large amount of cash in multiple denominations in each of his pockets." *Id.* at 49.

Specifically, McBride had "one $100 bill, a $50 bill [,] $360 worth of 20s, ... $140 worth of $10 bills, $80 worth of $5 bills, and . . . five $2 bills[.]" *Id.*

*McBride v. State*, No. 20A03-0703-CR-103 (Ind. Ct. App. Mar. 18, 2008).

[4] In an amended information filed on April 13, 2006, the State charged McBride with dealing in cocaine, a Class A felony; and possession of marijuana, a Class D felony. McBride was represented by Attorney Brent Zook and, then, by Attorney James Stevens. Following a jury trial in January 2007, McBride was found guilty of both charges. The trial court imposed the following concurrent sentences: for dealing in cocaine, a Class A felony, thirty-eight years in the Department of Correction ("DOC"); and for possession of marijuana, a Class D felony, one-and-one-half years in the DOC.

[5] On direct appeal, McBride argued that the evidence was insufficient to establish, beyond a reasonable doubt, that: (1) he constructively possessed the contraband; and (2) the substances recovered by law enforcement were, in fact, cocaine and marijuana. We affirmed the trial court's judgment. *Id.*

[6] On February 3, 2009, McBride filed a petition for post-conviction relief; however, he petitioned to withdraw his initial petition for post-conviction relief, and the PC court granted his petition to withdraw without prejudice. On August 10, 2017, McBride again filed a petition for post-conviction relief, wherein he claimed that he received ineffective assistance of Attorney Zook and Attorney Stevens.

[7]     At the evidentiary hearing on March 15, 2018, former deputy prosecuting attorney, Christine Littlefield,[2] testified that she lacked any specific recollection of the case; however, she admitted authorship of a "plea offer letter from [ ] the Elkhart County Prosecutor's Office," dated May 3, 2006, that bore her signature, as well as the accompanying "Motion to Withdraw Plea of Not Guilty and Enter a Plea of Guilty and Plea Agreement and Disclosure" from the Elkhart County Prosecutor's Office's case file.  PCR Tr. pp. 12, 16. Littlefield testified further that, pursuant to her plea offer, McBride would "plead guilty [and] receiv[e] a stipulated sentence of 20 years at the IDOC."  *Id.* at 13.  Littlefield testified that she "would assume" that McBride, by counsel, had rejected the Plea Offer, "since [the matter] went to trial."  *Id.* at 19, 23 ("[ ]I don't remember withdrawing [plea] offers, other than setting [matters] for trial.").

[8]     Chief Public Defender for Elkhart County, Peter Todd ("PD Todd"), testified that: (1) McBride was represented by Attorney Zook; and (2) PD Todd's office retained Attorney Zook's contemporaneous liner notes in the public defender's office's file on McBride.  *Id.* at 41.  The liner notes were admitted into evidence without objection.  Attorney Zook's notation, dated May 31, 2006 states: "S[aw] in jail, went over case.  Doesn't want this plea offer (20)."  State's PCR

---

[2] Christine Littlefield was known as Christine Wrage in 2006.

Ex. A. In another entry, dated June 1, 2006, Zook's notes state, "Requested trial date 1/8/07." Tr. p. 58.

[9] Clyde Brown of the Elkhart County Public Defender's Officer testified that: (1) he worked as an investigator during Attorney Zook's tenure with the public defender's office; (2) he was familiar with Attorney Zook's case files; (3) he was familiar with Attorney Zook's handwriting; and (4) Attorney Zook had written the liner notes at issue. The State also introduced a letter from McBride to Attorney Zook that stated, in part, "This is my life at stake in [sic] I don't plan on taking no [sic] plea barg[ain] or coping [sic] out."[3] State's PCR Ex. B.

[10] Lastly, McBride testified that Attorney Zook never communicated the State's favorable "20-year set term" plea offer to him and that he learned of the plea offer during his appeal. Tr. p. 47. In its order of August 21, 2018, the PC court denied McBride's petition for post-conviction relief. McBride now appeals.

# Analysis

[11] Our Supreme Court has stated:

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as

---

[3] McBride does not dispute that he wrote the letter.

a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted). As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses." *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014). "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'" *Id.* (*quoting Ben-Yisrayl v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S. Ct. 1178 (2000)).

## I. Ineffective Assistance of Attorney Zook

McBride argues that he received ineffective assistance of trial counsel when Attorney Zook failed to communicate a favorable twenty-year plea offer to him. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance. *Ben-Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *cert. denied,* 534 U.S. 830, 122 S. Ct. 73

(2001). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

[13] McBride has failed to carry his burden regarding the threshold question of whether Attorney Zook's performance was deficient. The record reveals that: (1) the State made a twenty-year plea offer to Attorney Zook; (2) Attorney Zook conveyed the plea offer to McBride; (3) McBride refused the plea offer; and (4) Attorney Zook memorialized McBride's rejection of the plea offer in the liner notes of McBride's case file.

[14] The PC court rejected McBride's claim as follows:

* * * * *

> 30. The evidence further supports that Mr. Zook likely prepared a form of plea agreement on behalf of the Petitioner calling for a minimum sentence of twenty (20) years on a Class A felony and one and one half (1 1/2) years on a Class D felony and proposed the plea to the Deputy Prosecuting Attorney assigned to the case. The evidence further supports that Mr. Zook likely engaged in

negotiations with the State because a letter in which the proposed plea terms were extended appears to have been sent to him by the Deputy Prosecuting Attorney. Thereafter, according to the handwritten notes in the Public Defender's file, Mr. Zook saw the Petitioner in jail and indicated that the Petitioner did not want the plea. The Petitioner contends that it was not proven that the aforementioned handwriting was that of Mr. Zook because Mr. Brown is not a handwriting expert. However, the Court finds Mr. Brown's testimony to be very credible as it was based on his numerous and regular encounters over many years with Mr. Zook's handwriting and his own personal perceptions. Moreover, the Petitioner wrote a letter to Mr. Zook in which he stated, "I don't plan on taking no plea bargain or coping [sic] out." The Petitioner himself testified that he told James Stevens, "get me a 10 year plea and I'll sign it." There is no sufficient credible factual basis from which the Court can conclude that counsel committed the error alleged.

31. In sum, Brent Zook was a well respected, competent, and dedicated attorney, and the evidence presented does not support that Mr. Zook blatantly disregarded a plea offer and failed to disclose the same to the Petitioner. There is nothing from which this Court can find that Mr. Zook's performance in representing the Petitioner was deficient.

32. Even if counsel's performance could in any way have been shown to be deficient, the Petitioner must prove prejudice by showing a reasonable probability that, but for the claimed errors, the result of the proceeding would have been different. *Strickland* supra. In the case of a plea, a petitioner may prove prejudice by showing probability that he would have accepted a more favorable plea offer if not for counsel's errors. In order to state a claim for post conviction relief it is not enough to simply allege that a plea would not have, or as in this case, would have been, entered into. *Crowder v. State*, 91 N.E.3d 1040, 1047 (Ind. Ct.

App. 2018). Nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. *Id.* . . . .

33. Here, the Petitioner has not demonstrated that the outcome of the criminal proceedings against him would have been different. The evidence supports the conclusion that the plea offer the Petitioner contends was not shared with him, if it existed, was disclosed to him by Mr. Zook and the Petitioner declined to accept the plea offer. Therefore, trial was eminent [sic] and the outcome would not have been different. Thus, no prejudice has been demonstrated.

App. Vol. II pp. 130-132.

We agree with the PC court that the evidence demonstrates Attorney Zook relayed the State's plea offer, and McBride rejected it. According to McBride's own testimony, he wanted a plea offer in the ten-year range and was unwilling to accept a plea offer that proposed a longer sentence. Inasmuch as McBride cites no evidence to support his self-serving claim otherwise, we cannot say that the PC court's finding on this issue is clearly erroneous.

### III. *Ineffective Assistance of Attorney Stevens*

McBride also contends that the PC court failed to address the alleged ineffective assistance of Attorney James Stevens, who succeeded Attorney Zook. McBride's argument consists entirely of the following: "While reviewing [the PC court's] Order to deny McBride post-conviction [relief], it clearly shows the court did not address the issue of James Stevens[.]" Appellant's Br. p. 9. We

deem this issue waived for failure to make a cogent argument. *See* Indiana

Appellate Rule 46(A)(8)(a).

## Conclusion

[17] The PC Court properly denied McBride's petition for post-conviction relief. We affirm.

[18] Affirmed.

Crone, J., and Bradford, J., concur.