## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 10 2019, 10:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Roy Bessler
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roy Bessler,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

July 10, 2019

Court of Appeals Case No.
18A-PC-123

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1402-PC-1

**Tavitas, Judge.**

# Case Summary

[1] Roy Bessler, pro se, appeals the post-conviction court's ("PC Court") denial of his petition for post-conviction relief. We affirm.

# Issue

[2] Bessler raises two issues, which we consolidate and restate as whether Bessler was denied the effective assistance of trial counsel.

# Facts

[3] In January 2011, narcotics detectives of the Dearborn County Sheriff's Department, aided by a confidential informant, conducted an investigation regarding Bessler. As a result of the investigation, on February 25, 2011, the State charged Bessler in Cause Number 15C01-1102-FC-10 ("the Circuit Court case") with possession of marijuana with intent to deliver more than ten pounds, a Class C felony, and conspiracy to commit dealing in marijuana.[1] That same day, at Bessler's initial hearing in the Circuit Court case, the trial court read an advisement of rights that included Bessler's right to a speedy trial.

[4] On May 27, 2011, the State brought additional charges stemming from the narcotic investigation and charged Bessler in Cause Number 15D01-1105-FA-12 ("the Superior Court case"), with two counts of dealing in cocaine, Class B felonies, and two counts of dealing in cocaine, Class A felonies. In December

---

[1] The felony designation of the conspiracy charge is unclear from the record on appeal.

2011, Bessler was convicted after a jury trial in the Superior Court case; on appeal, we affirmed Bessler's thirty-year sentence, comprised of four concurrent sentences, and our Supreme Court denied transfer. *See Bessler v. State*, No. 15A04-1201-CR-37 (Ind. Ct. App. Dec. 31, 2012), *trans. denied*.

[5] The State subsequently tendered a plea offer to Bessler's appointed trial counsel, Attorney Gary Sorge regarding the Circuit Court case.[2] Pursuant to the plea agreement, Bessler would plead guilty to one count of possession of marijuana with intent to deliver, a Class C felony, in the Circuit Court case, and the State would recommend an eight-year sentence to be served concurrently with Bessler's sentence in the Superior Court case. The State would also dismiss the conspiracy count.

[6] On January 12, 2012, the trial court conducted a guilty plea hearing. Again, the trial court advised that Bessler had the right to a speedy trial, which he would waive by entering a guilty plea. Under questioning from the trial court, Bessler stated that: (1) he understood his rights; and (2) he, freely and voluntarily, sought to plead guilty to possession of marijuana with intent to deliver more than ten pounds, a Class C felony. The trial court accepted the plea agreement. At the outset of Bessler's sentencing hearing on March 20,

---

[2] Attorney Sorge was appointed to represent Bessler in both the Circuit Court case and the Superior Court case.

2012, Bessler asked to withdraw his guilty plea, which the trial court denied.[3] The trial court imposed an eight-year, fully-executed sentence to be served concurrently with Bessler's sentence in the Superior Court case.

[7] On February 10, 2014, Bessler filed a pro se petition for post-conviction relief, wherein he alleged, inter alia, that he was denied the effective assistance of trial counsel in the Circuit Court case. After an evidentiary hearing, the PC court entered findings of fact and conclusions of law denying Bessler's petition for post-conviction relief. Bessler now appeals.

## Analysis

[8] Bessler argues that the PC court erred in denying his petition for post-conviction relief.

> The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. [Where, as here, a post-conviction court has made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we] do not defer to the post-conviction court's legal conclusions[.] A post-conviction court's findings and judgment

---

[3] Bessler's request to withdraw his guilty plea stemmed from his belief, which Attorney Sorge did not share, that narcotics detectives conducted GPS surveillance of Bessler and Bessler's belief that a continuance of the sentencing hearing would aid him in "getting to the truth[.]" Tr. Vol. II p. 37.

> will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.

*Hollowell v. State,* 19 N.E.3d 263, 268-69 (Ind. 2014) (internal quotations and citations omitted).  As the clearly erroneous standard "is a review for sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses."  *State v. Greene,* 16 N.E.3d 416, 418 (Ind. 2014).  "Rather, we 'consider only the evidence that supports that judgment and the reasonable inferences to be drawn from that evidence.'"  *Id.* (*quoting Ben-Yisrayl v. State,* 738 N.E.2d 253, 258-59 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S. Ct. 1178 (2000)).

### *Ineffective Assistance of Trial Counsel*

[9]  Bessler asserts that he received ineffective assistance of trial counsel.  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) his or her counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficient performance.  *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), *cert. denied*, 534 U.S. 830, 122 S. Ct. 73 (2001).  A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms.  *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).  To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006). Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone. *Id.*

### A. Failure to Seek Discharge

First, Bessler argues that: (1) the trial court, sua sponte, "ordered" a speedy trial for him; (2) the State failed to timely try Bessler; thus, Bessler was entitled to be discharged, pursuant to Rule 4(B)(1) of the Indiana Rules of Criminal Procedure; (3) Attorney Sorge failed to move for discharge; and (4) had Attorney Sorge moved for discharge, "the trial court would have granted the motion[,] dismissed this case, and the outcome of this case would have been different." Appellant's Br. pp. 6-7.

Rule 4(B)(1) of the Indiana Rules of Criminal Procedure provides:

> (B)(1) Defendant in Jail--Motion for Early Trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without

the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

[12] The PC court here found:

. . .

21. Attorney Sorge testified that he remembered little conversation regarding the issue of a fast and speedy trial. Attorney Sorge also stated that one of the main concerns of Mr. Bessler's defense was the Class A felony charges in Superior Court [in 15D01-1105-FA-12]. Attorney Sorge was aware of Mr. Bessler's failure to appear on a Class A felony in a prior case as it related to the issue of his bond and a potential bond reduction.

* * * * *

25. The Court finds that Petitioner Bessler has failed to present any evidence to support a finding of incompetence of trial counsel:

* * * * *

(d)    Petitioner Bessler has failed to show incompetence of counsel regarding the issue of certain continuances. Attorney Sorge indicated that he did not recall any significant discussions [ ] regarding speedy trial requests. Petitioner Bessler has also failed to present any evidence to show how the granting of a speedy trial request would alter the outcome in this matter.

(e)     The Court finds that no evidence has been presented to support any allegation that may have altered the outcome of this cause of action.

Appellee's App. Vol. II pp. 14, 16.

[13] At the evidentiary hearing, the following colloquy ensued on direct examination of Attorney Sorge:

> [BESSLER:] [ ] When did you first learn after my arraignment in being named my public defender on March the 6th, 2011 that Judge Humphrey had ordered a fast and speedy trial on the present case?
>
> [ATTORNEY SORGE:] To my knowledge Judge Humphrey never ordered a fast and speedy trial. You would have had to have requested that or I would have had to requested [sic] that.
>
> [BESSLER:] I didn't request it, he ordered it at the very end of the hearing.
>
> [ATTORNEY SORGE:] Well, I sent you my file and if – on the matter, and you requested it, and I told you in the letter I was sending you my entire file but I have no memory of Judge Humphrey ordering a fast and speedy trial and if he did, I have no recollection of objecting to it, which would have been something you could have requested if you didn't want a fast and speedy trial.

PC Tr. p. 94.

[14] But for Bessler's self-serving statements, there is no evidence in the record that the trial court sua sponte ordered a speedy trial. According to their respective

testimony, neither Bessler nor Attorney Sorge requested a speedy trial during the transcribed hearings. The only references to a speedy trial arose within the trial court's advisements of rights at Bessler's initial hearing and guilty plea hearing. Moreover, as Bessler acknowledges, during the relevant period, the trial court granted multiple motions for continuances that are attributable to Bessler.[4] *See Underwood v. State*, 722 N.E.2d 828, 832 (Ind. 2000) (holding that delay from appointed counsel's request for a continuance, where defendant objected to the request, was attributable to defendant).

[15] Bessler failed to establish that a speedy trial request was ever made; and consequently, Bessler could not establish that the trial court would have ordered discharge pursuant to a speedy trial request that was never made. Further, as the post-conviction court found, Bessler has "failed to present any evidence to show how the granting of a speedy trial request would alter the outcome in this matter." Appellee's Supp. App. Vol. II p. 16. Thus, the PC court's finding that Attorney Sorge did not render ineffective assistance of counsel in failing to seek discharge pursuant to Rule 4(B)(1) is not clearly erroneous.

---

[4] At the evidentiary hearing, Bessler asked Attorney Sorge, "[D]id you discuss with me any motions you filed concerning the continuance on the fast and speedy trial, which [it] is your duty to keep your client informed of [ ]?" PC Tr. p. 102. Attorney Sorge again testified, "I don't remember us having any conversations about a fast and speedy trial in this case." *Id*.

## B. Failure to Communicate a Plea Offer

[16]    As noted above, Bessler was convicted in the Superior Court case, of two counts of dealing in cocaine, Class B felonies, and two counts of dealing in cocaine, Class A felonies, and was sentenced to an aggregate thirty-year sentence. Bessler argues that Attorney Sorge failed to communicate a plea offer, under which the State would have dismissed the charges in the Circuit Court case in exchange for Bessler's guilty plea in the Superior Court case.

[17]    The PC court here found:

* * * * *

(c)    The Court finds that Petitioner Bessler has presented no evidence to support the allegation regarding failure to communicate a plea agreement;

* * * * *

(e)    The Court finds that no evidence has been presented to support any allegation that may have altered the outcome of this cause of action.

Appellee's App. Vol. II p. 16.

[18]    At the evidentiary hearing, Bessler questioned Attorney Sorge as follows:

Q: [ ] Why did you tell me on March 20th, 2012 at a special hearing when the plea issue was going to be decided, that I had no choice and had to accept the plea related to the March 6th plea hearing in Court?

A. I don't remember telling you that.

Q: [ ] As we argued about me having to accept the plea, I brought up in Judge Humphrey's Court after we argued that fact that you telling me I had to accept the plea with you and attorney Jeff Stratman sitting next [to] me at the defense table, the fact that for the first time in Court that day you related to me a plea bargain offer you hadn't nego – you had neglected to relay to me before the trial in Judge Cleary's Court. You stated that . . . I would not even be in this Court in front of Judge Humphrey as this case would have been dismissed had I accepted a plea in Judge Cleary's Court concerning cause number 15D01-1105-FA-012. That had I accepted an offer to plead guilty in open Court to Judge Cleary, the case in this Court would have been dismissed. Can you explain why you neglected to tell me of his plea offer before I even went to trial in Judge Cleary's Court in December of 2011 [in 15D01-1105-FA-012]?

A: I would have told you every plea offer before we – before we went to a jury trial I would have told you every plea offer that the State put on the table. I do that in every case. If my client is willing to accept a plea, I want them to accept a plea rather than go through a jury trial. So I would have explained to you every possible plea combination before we would have gone to a jury trial.

Q: Is it possible that you were so busy with so many cases that sometimes you forget that – to relate plea offers to your clients?

A: Anything's possible, but that would be extremely unlikely.

\* \* \* \* \*

Q: So your statement again is your [sic] saying right now that you told me of the plea offer. But I stated in Court after we argued here that you didn't tell me. Is that your statement?

A: I'm saying right now that I would have done everything I could have to encourage you to thoroughly accept – taking a plea agreement knowing the weight, the case that the State had against you and what your odds were. I remember being very, very thorough in going over the possibilities of getting the case settled. And I remember telling you that it was a very difficult case.

PCR Tr. pp. 120-22.

[19] Failure to communicate a plea offer is deficient performance that falls below an objective standard of reasonableness. *Woods v. State*, 48 N.E.3d 374, 381 (Ind. Ct. App. 2015) (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012)). Here, however, the only evidence that Bessler presented that supports his claim that Attorney Sorge failed to relay the State's plea offer is Bessler's own self-serving testimony. Attorney Sorge also testified that, as a rule, he communicates the State's plea offers to his clients, and that "[it is] possible, but . . . extremely unlikely" that he forgot to relate a plea offer to Bessler. *Id*. at 122. Attorney Sorge also testified that he did not recall any discussion with Bessler regarding an undelivered plea offer. Bessler failed to carry his burden before the post-conviction court. *Cf. Woods v. State*, 48 N.E.3d 374 (Ind. Ct. App. 2015) (reversing the denial of petition for post-conviction relief where petitioner produced an official plea offer letter from the State inviting petitioner to plead guilty to a lesser charge and proof that said offer letter was delivered to defense

counsel, *in addition to* petitioner's testimony that he would have accepted the favorable plea offer had it been communicated to him).

[20] Based on the foregoing, we cannot say that the PC court clearly erred in finding that Attorney Sorge rendered effective assistance of counsel regarding Bessler's unsupported claim that Attorney Sorge failed to relay a favorable plea offer.

## Conclusion

[21] The PC court's denial of Bessler's petition for post-conviction relief is not clearly erroneous. We affirm.

[22] Affirmed.

Crone, J., and Bradford, J., concur.